IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

COLE JAMES ADAMS,

            Defendant.

4:16-CR-3061

TENTATIVE FINDINGS

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 37) to the presentence report.

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 37) to the presentence report, challenging the presentence report's conclusion that the defendant is a career offender pursuant to U.S.S.G. § 4B1.1. Specifically, the defendant contends that the two California predicate convictions relied upon by the presentence report are not felonies, and that his assault conviction is not a "crime of violence." *See* filing 38.

First, the defendant was convicted of possessing marijuana for sale, in violation of Cal. Health & Safety Code § 11359. The defendant contends that "there is NO EVIDENCE that the crimes under which the Defendant was convicted . . . are felonies." Filing 38 at 6. And the defendant particularly contends that his marijuana offense might no longer be a felony under California law in the wake of that state's recent approval of a ballot initiative legalizing recreational marijuana. Filing 38 at 16-18.

But a "felony" conviction for these purposes is a prior adult federal or state conviction "punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony* . . . ." U.S.S.G. § 4B1.2 cmt. n.1. The defendant's conviction—for which he was sentenced to 3 years' imprisonment—clearly met that definition. *See*, § 11359; Cal. Penal Code § 18. And whether a conviction is based on an offense that is a misdemeanor at the time of sentencing is only relevant when determining whether a downward departure is warranted because the guideline range substantially overrepresents the seriousness of the defendant's criminal history or the instant offense. *See* § 4B1.1 cmt. n.4. No argument for a departure has been made here.[1]

---

[1] Furthermore, as the government points out, filing 41 at 2 n.2, it appears from the defendant's evidence that he was actually convicted of possessing *methamphetamine* for sale. *Compare* filing 38 at 41 *with* Cal. Health & Safety Code § 11378. But the difference is not meaningful for this Court's purposes: the offenses had identical punishment provisions. *See*, § 11359; § 11378; § 18.

Second, the defendant was convicted of assault with a deadly weapon other than a firearm, in violation of Cal. Penal Code § 245(a)(1). The defendant argues that the offense may or may not have been a "felony" as defined above. Filing 38 at 9. And he contends that the statute, as it was in force at the time of the conviction, did not meet the elements of generic "aggravated assault." Filing 38 at 9-16.

The defendant's conviction was punishable by "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." § 245(a)(1). The Eighth Circuit has characterized this as a "wobbler" offense, said to "'wobble' between the two punishments," although it is regarded as a felony for every purpose until judgment. *United States v. Quebedo*, 788 F.3d 768, 776-77 (8th Cir. 2015) (quotation omitted). This can present complicated questions when it is not clear what sort of punishment was imposed—say, when an order of probation is involved. *See*, *id.*; *United States v. Adams*, 716 F.3d 1066, 1071 (8th Cir. 2013). But there is no complication here: the defendant was sentenced to 2 years in prison. It is entirely clear that the defendant's conviction "wobbled" to the felony side of the offense. *See Quebedo*, 788 F.3d at 778.

With respect to whether the conviction was for a "crime of violence," the Court sees no need to wander into the murky waters of whether the offense was divisible or whether it was for "aggravated assault,"[2] because it clearly was a "crime of violence" under the "force clause" of § 4B1.2(a)(1). The term "crime of violence" includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *Id.* And at the time of the defendant's conviction, § 245(a)(1) punished "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury. . . ." Regardless of whether assault "with a deadly weapon other than a firearm" and "by any means of force likely to produce great bodily injury" are divisible, both have, as an element, the use of force against the person of another. *See United States v. Pineda-Zetino*, 583 F. App'x 582, 582-83 (8th Cir. 2014); *see also*, *United*

---

[2] Although there is well-reasoned authority that § 245(a)(1) constitutes the enumerated offense of "aggravated assault." *See United States v. Sanchez-Ruedas*, 452 F.3d 409, 412-14 (5th Cir. 2006).

*States v. Santos-Santos*, 463 F. App'x 728, 732 (10th Cir. 2011); *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009); *cf.*, *United States v. Garcia-Longoria*, 819 F.3d 1063, 1065-66 (8th Cir. 2016); *United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010).

In sum, both of the defendant's predicate convictions are "prior felony convictions" within the meaning of § 4B1.1(a), and the defendant's assault conviction is for a "crime of violence" within the meaning of § 4B1.2: accordingly, the Court's tentative finding is that the defendant is a career offender, and his objection to the contrary lacks merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of December, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge